Lloyd C. ASHE and Hilliard P. Ashe, Appellants,

v.

STATE OF NORTH CAROLINA, and Cherokee County, Murphy, North Carolina, Appellees.

No. 78–6093.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 4, 1978.

Decided Nov. 17, 1978.

C. Frank Goldsmith, Jr., Marion, N.C. (Story, Hunter & Goldsmith, Marion, N.C., on brief), for appellants.

Richard N. League, Asst. Atty. Gen., Raleigh, N.C. (Rufus L. Edmisten, Atty. Gen. of N.C., Raleigh, N.C., on brief), for appellees.

Before WINTER, BUTZNER and RUSSELL, Circuit Judges.

WINTER, Circuit Judge:

In October, 1975, Lloyd C. Ashe and Hilliard P. Ashe were convicted by a jury in the Superior Court of Cherokee County, North Carolina of safecracking and larceny by breaking and entering. After unsuccessful direct appeal and state post-conviction attack, they sought from the district court, but were denied, a federal writ of habeas corpus. We permitted this appeal to consider their claims that they were affirmatively denied the opportunity to address the sentencing court and that a potentially biased juror was allowed to sit on the jury panel. Since both allegations, if true, may establish a denial of due process of law, we vacate the dismissal of the petition for the writ and remand the case for an evidentiary hearing.

## I.

Petitioners allege that they sought to address the state trial court prior to the imposition of sentence, but that the judge through petitioners' attorney, instructed them to remain silent.[1] The district court thought that the allegation was insufficient

---

1. Petitioners allege, in addition, that their attorney informed them that, if they attempted to speak to the trial judge, the judge would hold them in contempt. It is unclear from petitioners' allegation whether the judge or the attorney originated the threat. We do not rest our decision, therefore, upon this allegation.

to warrant relief because, in its view, a defendant has no right of allocution and the trial judge's refusal to extend the privilege is discretionary. Petitioners contend that refusal of a defendant's request to speak to the sentencing court constitutes a denial of due process under the fourteenth amendment, and we agree.

In interpreting Rule 32(a) of the Federal Rules of Criminal Procedure, which requires federal courts before imposing sentence to address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment, the Supreme Court said that it is not enough that defense counsel has an opportunity to speak at sentencing; the defendant must be given this right personally. *Green v. United States,* 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). Writing for the Court, Justice Frankfurter reasoned that "[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Id.* at 304, 81 S.Ct. at 655. Failure to afford a defendant the opportunity to speak on his own behalf was construed, therefore, as a violation of Rule 32(a).

Notwithstanding Rule 32(a), a defendant has no constitutional right to be asked if he wishes to address the court before sentencing. *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). As a result, any claim that the sentencing judge failed to extend such an invitation must be raised on direct appeal and not by collateral attack. *Id.* at 426, 82 S.Ct. 468. *Hill,* however, did not decide the question of whether habeas relief would be available in the context of "aggravating

circumstances"—specifically, where the defendant was affirmatively denied the opportunity to speak or where the district judge was either misinformed or uninformed as to any relevant circumstances. *Id.* at 429, 82 S.Ct. 468.

Since *Hill,* the Supreme Court has not had occasion to determine whether silencing a defendant who wishes to speak to his sentencing would be constitutional error. *See McGautha v. California,* 402 U.S. 183, 219 n.22, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971). We followed *Hill* when the district judge neglected to afford the defendant an opportunity to address the court and there were no "aggravating circumstances." *United States v. Bebik,* 302 F.2d 335, 377 (4 Cir. 1962). On the other hand, where the district judge was uninformed as to relevant facts because of his failure to afford the defendant the opportunity to speak, we remanded the habeas proceeding for a hearing. *United States v. Taylor,* 303 F.2d 165 (4 Cir. 1962).[2] Affirmative denial of, as opposed to mere failure to grant, the opportunity to speak was upheld by the Second Circuit in *Lunz v. Henderson,* 533 F.2d 1322, 1328 (2 Cir.), *cert. denied sub nom. Lunz v. Smith,* 429 U.S. 849, 97 S.Ct. 136, 50 L.Ed.2d 122 (1976). There, however, the Court of Appeals found that the trial judge was justified in thinking that the defendant was attempting to interrupt orderly sentencing proceedings.

We think that when a defendant effectively communicates his desire to the trial judge to speak prior to the imposition of sentence, it is a denial of due process not to grant the defendant's request.[3] This is not to say that a defendant's right to address the sentencing court is unlimited.

---

**2.** In *Taylor,* the prisoner alleged that he would have revealed that his guilty plea had been induced by government threats had he been given the opportunity to speak.

**3.** Our conclusion is strengthened by the post-*Hill* decisions of *Mempa v. Rhay,* 389 U.S. 128 [88 S.Ct. 254, 19 L.Ed.2d 336] (1967) that sentencing is a critical stage of a criminal proceeding to which the sixth amendment right of counsel attaches, and *Faretta v. California,* 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562] (1975),

that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. Additionally, it is established that a defendant has a constitutional right to testify in his own behalf. *Harris v. New York,* 401 U.S. 222 [91 S.Ct. 643, 28 L.Ed.2d 1] (1971). To the extent that a defendant seeks to advance legal arguments or factual matters bearing upon the sentence which should be imposed on him, these cases seem to recognize that right.

 

The exercise of his right may be limited both as to duration and as to content. He need be given no more than a reasonable time; he need not be heard on irrelevancies or repetitions.

██ Because of our view of a defendant's right, upon request, to speak in his own behalf, we remand the case to the district court to determine whether petitioners in fact made such a request which was denied. If the district court finds that such a request was made, it should also explore what the petitioners wished to say at their sentencing. Should this information prove to be irrelevant or cumulative in view of statements by their attorney at sentencing, the denial of their right to speak may be found to be harmless error. Otherwise, if the request was made and denied, petitioners' sentences must be vacated, and they should be resentenced in a proceeding which allows them the opportunity to speak in their own behalf.

### II.

██ Petitioners alleged, in addition, that a potentially biased juror was allowed to serve on the jury panel, contrary to their due process right to trial by an impartial jury. This juror, they assert, was related by marriage to one state's witness and by ties of friendship to another. The juror was not presented in the selection process until after petitioners' peremptory challenges were exhausted and the trial court declined to grant their challenge for cause.

Since timely objection to the impanelling of the juror was made only by petitioners' codefendant, the issue immediately arises as to whether the claim is barred by the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). It is also unclear whether the juror's alleged relationship with two state's witnesses was of constitutional dimension, *see Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961), and if so, whether, in view of the nature and degree of importance of the testimony of the witnesses, the juror's presence on the panel constituted harmless error.

Until one crucial fact is established, however, we need not consider any of these questions. It appears from certified copies of the jury list and jury worksheet of the state trial court that the juror in question was excused prior to the commencement of the trial. These documents would be dispositive of the issue if it were not for the indication in the transcript of the trial that the jury was impanelled immediately after the codefendant's challenge to the suspect juror was denied. We therefore remand this aspect of the case to the district court for a determination of the facts. Certainly the juror herself, if she can be found, should remember if she took part or not. If the district court finds that the challenged juror did not serve, this will resolve the issue. If the district court finds that the juror did serve, it will address and decide the other issues that we have identified.

REVERSED AND REMANDED.