831 F.2d 291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert MILLER, Petitioner-Appellant,
v.
STATE of Maryland, Respondent-Appellee.
 No. 87-7166.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 17, 1987.
Decided: Oct. 1, 1987.
 
 Albert Miller, appellant pro se.
 J. Joseph Curran, Jr., Attorney General, for appellee.
 D.Md.
 VACATED AND REMANDED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-87-1010-S).
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Albert Miller, a Maryland inmate, filed this habeas corpus action pursuant to 28 U.S.C. Sec. 2254 seeking a determination of the validity of his 1970 state court conviction. The habeas petition alleges that Miller was not advised of his privilege against self-incrimination prior to tendering a guilty plea. The petition states that the transcript of Miller's conviction lacks any reference to the privilege. The petition also asserts that the trial court denied Miller his constitutional right of allocution. The district court dismissed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. We vacate the district court's order and remand for further proceedings.
 
 
 2
 To sustain the constitutional validity of a guilty plea, the record must affirmatively demonstrate that the plea was entered voluntarily and intelligently. Boykin v. Alabama, 395 U.S. 238, 242-243 (1969). The record must reflect the defendant's awareness that a guilty plea waives certain constitutional rights, including the privilege against self-incrimination. Id. The record before this Court fails to indicate that the district court reviewed the state court records relating to Miller's guilty plea in order to determine the constitutional validity of the plea.
 
 
 3
 An examination of the state court records is also necessary to determine the merit of Miller's claim that he was denied a right of allocution. Although a defendant has no constitutional right to be asked whether he wishes to address the court before sentencing, Hill v. United States, 368 U.S. 424, 428 (1962), due process requires that a right of allocution be granted upon request. Ashe v. North Carolina, 586 F.2d 334, 336 (4th Cir.1978), cert. denied, 441 U.S. 966 (1979). Whether Miller requested allocution cannot be determined without an examination of the state court records.
 
 
 4
 Therefore, we grant a certificate of probable cause, vacate the district court's order, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the dispositive issues have been authoritatively decided.
 
 
 5
 VACATED AND REMANDED.