9 F.3d 1545
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Andrew WILSON, Defendant-Appellant.
 No. 93-5065.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 10, 1993.
Decided Nov. 26, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville, No. CR-92-142; Henry M. Herlong, Jr., District Judge.
 Daniel Nolan Ballard, Greenville, SC, for defendant-appellant.
 William Corley Lucius, Asst. U.S. Atty., Greenville, SC, for plaintiff-appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINS and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Andrew Wilson appeals his conviction and sentence, after a jury trial, of drug distribution charges. His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Wilson filed a supplemental brief. Finding no error below, we affirm.
 
 
 2
 Wilson was found guilty on one count of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988). According to the evidence, Wilson distributed 4.23 grams of crack cocaine to an undercover agent. Wilson filed several objections to the Presentence Investigation Report (PSI). Thereafter, the probation officer revised the PSI to include several other drug charges which apparently were omitted from the first PSI. Inclusion of these prior drug charges resulted in Wilson's classification as a career drug offender. Wilson's sole objection to the revised PSI arose from this revision. After a hearing at which the district judge heard argument and testimony regarding Wilson's objection to the amendment, the district judge sentenced Wilson as a career offender in accordance with the sentencing guidelines. Wilson received the minimum sentence allowable under the guidelines.
 
 
 3
 Wilson alleges that (1) there was insufficient evidence to support the jury's verdict; and (2) the district judge erred in allowing the probation officer to amend the PSI to reflect Wilson's prior drug convictions. Wilson testified at trial and denied involvement in the sale of crack to the undercover police officer. He further denied that it was his voice on the tape recording that had been made of the sale. Wilson contended that he was elsewhere at the time the transaction occurred.
 
 
 4
 Officer Cureton, an undercover police officer with the Greenville City Police Department, testified that he purchased 4.23 grams of the drug from Wilson in exchange for $350 and that he was wearing a body transmitter at the time. The tapes of the transaction were introduced into evidence and played for the jury without objection. A transcript of the dialogue between Wilson and Officer Cureton was likewise introduced. Officer Smith testified that he was working on the date in question with Officers Cureton and Riggs on an undercover assignment to purchase drugs from Wilson. Smith monitored the transaction between Wilson and Cureton from a distance.
 
 I.
 
 5
 In evaluating the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the government, and determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Furthermore, we accord the benefit of all reasonable inferences to the government. Tresvant, 677 F.2d at 1021. Credibility of witnesses is within the sole province of the jury and is not susceptible to review. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989); Pigford v. United States, 518 F.2d 831, 836 (4th Cir.1975).
 
 
 6
 As evidenced by the finding of guilt, the jury resolved the conflict in testimony between Wilson and Officer Cureton in favor of the prosecution. The jury's finding was based on its determination of the witnesses' credibility. Considering the direct evidence, and allowing the Government the benefit of all reasonable inferences from the facts proven to those sought to be established, Tresvant, 677 F.2d at 1021, we find the evidence sufficient to prove that Wilson distributed 4.23 grams of crack cocaine to Officer Cureton. Accordingly, we affirm the conviction.
 
 II.
 
 7
 Wilson's second issue on appeal is that the district court erred in allowing the probation officer to amend the PSI to reflect Wilson as an habitual offender. The supplemental PSI reflected Wilson's prior drug convictions which were erroneously omitted from the initial PSI.* Wilson was sentenced in accordance with the guidelines. Nothing in the guidelines prevents revision or supplementation of the PSI report prior to sentencing. Furthermore, Wilson was given an opportunity to object to the revised PSI. Accordingly, we affirm the district judge's decision to allow the amendment to reflect Wilson's correct criminal history.
 
 III.
 
 8
 Rule 32(a)(1) of the Federal Rules of Criminal Procedure requires that the sentencing judge offer Wilson an opportunity during sentencing to directly address the court. While not raised by either his attorney or by Wilson in their briefs, the record reflects that Wilson was not given an opportunity for allocution as required by Rule 32(a)(1)(C). In this case, while the district judge questioned Wilson as to whether he had an opportunity to review and discuss with his attorney the PSI, the judge failed to personally address Wilson regarding mitigation of his sentence.
 
 
 9
 However, the failure to permit a defendant to speak during sentencing is subject to a harmless error analysis. Ashe v. North Carolina, 586 F.2d 334, 337 (4th Cir.1978) (remanding for determination of whether request to allocute was made and denied and, if so, whether "the denial of [defendants'] right to speak may be found to be harmless error"), cert. denied, 441 U.S. 966 (1979). Here, Wilson received the minimum sentence applicable under the mandatory guidelines. Consequently, remanding the case for allocution resentencing, after which the district court must impose the same sentence, would be futile. Where, as here, the sentencing judge has already imposed the minimum sentence allowable, the judge's failure to allow Wilson his right of allocution was harmless error.
 
 
 10
 In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues; we find none. We therefore affirm the judgment of the district court and uphold Wilson's conviction and sentence. In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. § 3006A (West 1985 & Supp.1993). If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Wilson admitted to these convictions in his trial testimony