**UNITED STATES of America**

v.

**Fernando HOLGUIN.**

**Fernando HOLGUIN**

v.

**UNITED STATES of America.**

No. Crim. JH–90–0221.
No. Civ. B–97–1256.

United States District Court,
D. Maryland.

July 16, 1998.

Fernando Holguin, pro se.

Lynne A. Battaglia, United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Office of the United States Attorney, Baltimore, MD, for Respondent.

## OPINION

WALTER E. BLACK, Senior District Judge.

Presently pending before the Court is petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Paper 170), Supplement to Motion Under § 2255 (Paper 183) and petitioner's Motion for Appointment of Counsel (Paper 171). The issues raised by the motions have been briefed, and the Court has determined that a hearing is not necessary and is prepared to rule based upon the record now before it. *See* Local Rule 105.6.

On November 9, 1990, Holguin was convicted by a jury of conspiracy to distribute and possess with intent to distribute cocaine and attempt in regard thereto in violation of 21 U.S.C. § 846, money laundering in violation of 18 U.S.C. § 1956, structuring a financial transaction in violation of 31 U.S.C. § 5324(3), conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848, and tax evasion in violation of 26 U.S.C. § 7201. Thereafter, at a sentencing hearing on January 31, 1991, the Court sentenced Holguin to a term of imprisonment of 384 months, followed by a term of five (5) years supervised release.

Holguin filed a timely Notice of Appeal. On January 17, 1992, the United States Court of Appeals for the Fourth Circuit affirmed the sentence. No petition for certiorari to the Supreme Court was filed.

On April 24, 1997, Holguin filed the pending petition for relief pursuant to 28 U.S.C. § 2255 and motion for appointment of counsel. Thereafter, on January 21, 1998, he filed a supplement to his petition asserting an additional ground for relief. Appointment of counsel for purposes of his § 2255 petition

is unwarranted, and accordingly, the Court will deny the motion for appointment of counsel.

Petitioner bases his § 2255 petition and supplement on five main arguments: (1) that his counsel was ineffective at sentencing for failing to submit written objections to the Presentence Report, making weak arguments regarding the drug quantities involved, failing to address significant sentencing factors in petitioner's interest in regard to his role as a leader or organizer, the possession of a firearm, and petitioner's legitimate sources of income, and not consulting with petitioner regarding objections to the Presentence Report prior to the sentencing hearing; (2) that his counsel was ineffective at trial for failing to produce a defense version of the translation of taped conversations in Spanish offered by the Government, for failing to contest adequately the Government's allegations regarding his role, the possession of a firearm, the drug quantities involved, and for failing to present evidence regarding petitioner's sources of income; (3) that his counsel was ineffective on appeal for failing to raise meritorious issues adequately; (4) that his due process rights under the Fifth and Fourteenth Amendments were violated by the lack of opportunity to voice his objections to the Presentence Report at sentencing; and (5) that his counsel was ineffective at sentencing for failing to argue for a downward departure due to his status as a deportable alien.

The government opposes the petition, arguing that petitioner's counsel was not ineffective at trial, sentencing, or on appeal. Furthermore, the government claims petitioner was not denied his due process right of allocution because he was given the opportunity to address the Court on numerous issues at the sentencing hearing. The government therefore argues petitioner's rights were not violated and requests the Court to reject Holguin's arguments and deny the petition.[1]

## I.

### 1. *Ineffective Assistance of Counsel at Sentencing.*

Petitioner first argues that his counsel was ineffective at sentencing. Specifically, he argues that counsel did not submit written objections to the Presentence Report as reflected in the Addendum to Presentence Report prepared by the probation officer. In response, the government points to the transcript of the sentencing hearing in which the Court acknowledges receiving a letter containing counsel's and petitioner's objections to the Presentence Report.

Petitioner further argues that his counsel failed to raise sufficient issues in his defense at sentencing as reflected in petitioner's own oral objections in the transcript. In response, the government contends the record reflects petitioner's counsel raised legitimate arguments at the sentencing hearing and chose not to raise those arguments, such as petitioner's role and possession of a firearm, that in his professional opinion were meritless or futile. Moreover, petitioner had an opportunity to raise any issues he thought were important directly to the Court, which, indeed, he did in fact do.

The Court notes that the sentencing judge had also presided over the trial and had, accordingly, heard all of the evidence relating to the quantity of drugs involved, petitioner's role in the criminal offenses and the petitioner's possession of a firearm. At sentencing, the judge set forth at some length the extent of the evidence relating to the quantity of drugs. In regard to petitioner's role as an organizer or leader of the criminal activity involved, the jury had already found that petitioner had acted in concert with at least five other persons for whom he occupied a position as organizer, supervisor and manager in its verdict on the count of the Indictment involving a continuing criminal enterprise. The judge, in presiding at the trial, had also heard the testimony of a co-conspirator in regard to the petitioner's possession of a firearm.

---

**1.** The government did not respond to petitioner's argument that his counsel was ineffective at sentencing for failing to raise his status as a deportable alien as grounds for a downward departure from the United States Sentencing Guidelines ("Sentencing Guidelines") as set forth in petitioner's Supplement to Motion Under § 2255 filed on January 21, 1998.

### 2. Ineffective Assistance of Counsel at Trial.

Petitioner next argues that his counsel was ineffective at trial. Specifically, petitioner argues that his counsel should have prepared defense versions of translations of taped Spanish conversations between Holguin and an informant. In response, the government claims that counsel's failure to prepare a defense version of the taped conversations does not amount to ineffective assistance. Defendant's counsel chose instead to attack the credibility of the transcript and cross-examine the Government's expert witness who produced the English translation of the tapes. These are tactical decisions within his professional discretion.

Petitioner also asserts that counsel failed to contest issues such as whether he had legitimate sources of income, his role in the conspiracy, the quantity of drugs attributable to petitioner, and the existence of a firearm. In response, the government claims petitioner's counsel as well as counsel for co-defendants did all they could to contest the quantity of cocaine attributable to defendants, and with respect to the other issues raised by petitioner, counsel was faced with evidence which could not be overcome.

### 3. Ineffective Assistance of Counsel on Appeal.

Petitioner also argues that his counsel was ineffective on appeal. Specifically petitioner argues his counsel failed to raise certain major issues and gave only cursory attention to those issues he did raise. In response, the government defends counsel's representation on the basis that counsel did raise four major issues on appeal and the appellate court gave due consideration to counsel's arguments. Furthermore, counsel's decisions regarding which issues to argue on appeal were within his legal expertise and experience.

■ With respect to petitioner's first three ineffective assistance of counsel claims, the Court finds they are without merit. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established a two-prong test for judging claims of ineffective assistance of counsel, aimed at assessing "the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696, 104 S.Ct. 2052. First, the court must determine in light of all the circumstances whether the challenged acts or omissions of the attorney fall "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052. Second, "(t)he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. In order to prevail, a convicted defendant must satisfy both prongs. However, the reviewing court need not decide the first prong before reaching the second. In this regard, the Supreme Court stated:

> If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697, 104 S.Ct. 2052. The Court also stated that "the principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for new trial." *Id.* Accordingly, the Court finds petitioner's counsel acted within acceptable bounds of competency and his tactical decisions cannot be the basis for allegations of ineffectiveness in hindsight unless clearly prejudicial. A review of the record reveals defendant's counsel was faced with a mountain of incriminating evidence which would make it nearly impossible for petitioner to show that, but for counsel's tactical decisions, the outcome would have been different.

## II.

### 4. Due Process Rights Violated at Sentencing.

■ Petitioner further argues that his due process rights were violated because the Court did not provide him an adequate opportunity to present his objections to the Presentence Report at the sentencing hearing. In response, the government argues that to the contrary, the Court provided petitioner with his full right to allocution at the

sentencing hearing as evidenced by the transcript of the proceeding.

The Court finds petitioner's due process argument meritless. The transcript of the sentencing hearing clearly indicates the Court permitted petitioner to voice his objections to the Presentence Report at length with virtually no interruptions until the Court attempted to steer petitioner to focus on issues related to the Sentencing Guidelines and away from irrelevant collateral matters. Petitioner's limited ability to understand English was alleviated by the presence of an interpreter throughout the sentencing hearing. The right of allocution derives from Rule 32(c)(3)(C) of the Federal Rules of Criminal Procedure which states in relevant part: "Before imposing sentence, the court must ... (C) address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence...." The Fourth Circuit has clearly ruled that the denial of the right of allocution is a violation of the defendant's due process rights. *Ashe v. State of North Carolina,* 586 F.2d 334, 336 (4th Cir.1978), *cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The court, however, also stated clearly the scope of this right:

> We think that when a defendant effectively communicates his desire to the trial judge to speak prior to the imposition of sentence, it is a denial of due process not to grant the defendant's request. This is not to say a defendant's right to address the sentencing court is unlimited. The exercise of his right may be limited both as to duration and as to content. He need be given no more than a reasonable time; he need not be heard on irrelevancies or repetitions.

*Id.* at 336–37. At petitioner's sentencing, he was afforded ample opportunity to address the Court in accordance with the *Ashe* decision, and accordingly, the Court finds his due process rights were not violated.

### III.

5. *Ineffective Assistance of Counsel for Failing to Raise Deportable Alien Status at Sentencing.*

Petitioner supplemented his petition adding the argument that his counsel was ineffective at sentencing for failing to argue that his status as a deportable alien warranted a downward departure from the Sentencing Guidelines. Specifically, petitioner argues that deportable aliens are ineligible for certain prison programs including halfway houses, home confinement, and minimum security prisons and therefore sentences of deportable aliens are harsher than sentences of other defendants. Petitioner cites federal case law supporting his assertion that a downward departure is appropriate for deportable aliens who may be subjected to harsher sentences based on this status and thus, his counsel was ineffective at sentencing for not raising the issue. Finally, petitioner cites the Supreme Court's decision in *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) for the proposition that district courts have the discretion to consider factors beyond the Sentencing Guidelines in deciding whether to depart downward from the guideline range. The government did not respond to this argument which was raised in a supplement after the government had responded to the original petition.

The Court finds petitioner's additional argument for ineffective assistance of counsel at sentencing unpersuasive. The circuits are split on the issue whether courts may depart downward from the Sentencing Guidelines based on a defendant's status as a deportable alien.

The majority view treats status as a deportable alien as an improper basis for a downward departure. The lead case on this side of the issue is *United States v. Restrepo,* 999 F.2d 640 (2d Cir.), *cert. denied,* 510 U.S. 954, 114 S.Ct. 405, 126 L.Ed.2d 352 (1993). The *Restrepo* court held that, aside from extraordinary consequences, collateral consequences as a result of one's status as a deportable alien such as "(1) the unavailability of preferred conditions of confinement, (2) the possibility of any additional period of detention pending deportation following the completion of sentence, and (3) the effect of deportation as banishment from the United States and separation from family" do not justify a downward departure. *Id.* at 644.

The Fifth, Tenth, and Eleventh circuits have also held that a downward departure based on deportable alien status is inappropriate. *See United States v. Nnanna,* 7 F.3d 420, 422 (5th Cir.1993) ("Collateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien may incur following a federal conviction are not a basis for downward departure."); *United States v. Mendoza–Lopez,* 7 F.3d 1483, 1487 (10th Cir. 1993) (agreeing with the "well-reasoned decision of the Second Circuit"), *cert. denied,* 511 U.S. 1036, 114 S.Ct. 1552, 128 L.Ed.2d 201 (1994); *United States v. Veloza,* 83 F.3d 380, 382 (11th Cir.1996) ("[w]e adopt the Second Circuit's rationale in *United States v. Restrepo*").

A minority of circuits have concluded that a downward departure may be appropriate in extraordinary circumstances based on the consequences of status as a deportable alien. The lead case on this side of the issue is *United States v. Smith,* 27 F.3d 649 (D.C.Cir. 1994). The *Smith* court found "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a *fortuitous increase in the severity of his sentence."* *Id.* at 655 (emphasis added). The D.C. Circuit explicitly stated that it expects such departures to be " 'highly infrequent.' " *Id.* The Seventh Circuit also found downward departures based on deportable alien status allowable in some circumstances. *See United States v. Farouil,* 124 F.3d 838, (7th Cir.1997). The *Farouil* court recounted the case law holding consideration of deportable alien status inappropriate for a downward departure but noted these decisions

preceded the United States Supreme Court's decision in *Koon* which granted district courts broad discretion in departing from Sentencing Guidelines based on facts " 'outside the "heartland" of Guidelines cases.' " *Id.* at 847 (quoting *Koon* ). In light of *Koon,* the Seventh Circuit concluded that district courts may consider whether one's status as a deportable alien results in "unusual or exceptional hardship in his conditions of confinement" in setting an offense level. *Id.*[2]

■ The Fourth Circuit has not yet addressed this issue. After considering both lines of authority on this issue, the Court, being persuaded by the majority view, finds that deportable alien status is inappropriate to warrant a downward departure from the Sentencing Guidelines. The Court agrees with the Second Circuit's rationale in Restrepo that to grant a downward departure from the Sentencing Guidelines based on deportable alien status would "encroach on the prerogative of the Legislative Branch." *Restrepo,* 999 F.2d at 645. Congress granted the Bureau of Prisons the discretion to consider a defendant's status as a deportable alien in its assignments to correctional facilities, and therefore, it is not appropriate for courts to interfere with the discretion of the Bureau. *See id.* (citing 18 U.S.C. § 3621(b) (granting the Bureau of Prisons discretion to designate an available facility as it deems appropriate)). The *Restrepo* court further reasoned that the appropriate manner to address the issue would be for Congress to take action, rather than through *ad hoc* discretionary decisions by the courts. *Id.* at 646.

---

**2.** Recently a district court from the District of New Jersey interpreted *Koon* expansively as overruling *Restrepo. United States v. Angel–Martinez,* 988 F.Supp. 475, 483 (D.N.J.1997). The court reasoned that the Supreme Court's statement in *Koon* that only the Sentencing Commission was permitted to bar bases for departures from the Sentencing Guidelines in every case effectively prohibits cases such as *Restrepo* which held that deportable alien status is not a proper basis for downward departures. *Id.* Upon reviewing *Koon,* this Court does not find the *Angel–Martinez* decision persuasive, although it should be noted that the Court there ruled that a downward departure for general ineligibility of deportable aliens for pre-release confinement was squarely within the heartland of Guideline cases.

First, *Koon* does not discuss the precise factor of deportable alien status at all. Second, *Koon* merely gives the district courts a framework within which to consider factors not specifically mentioned in the Sentencing Guidelines. The holding in *Koon* does not go so far as to implicitly overrule decisions like that in *Restrepo.* Rather, *Koon* reminds district courts of their discretion pursuant to 18 U.S.C. § 3553(b) to depart only if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *Koon,* 518 U.S. at 92, 116 S.Ct. 2035 (citing § 3553(b)).

■ More specifically, the Court is satisfied that counsel's failure to raise this issue at petitioner's sentencing is not ineffective assistance of counsel. Several courts have handled this very issue and all have denied petitioners' arguments. Two cases in the Southern District of New York relied on *Restrepo* in denying § 2255 petitions based on ineffective assistance of counsel for failing to raise petitioner's status as a deportable alien at sentencing. *Moran v. United States,* 1998 WL 54616 *5 (S.D.N.Y.1998) (holding such a motion for a downward departure would be "futile" in light of Second Circuit law); *Tsang v. United States,* 1997 WL 630182 (S.D.N.Y.1997) (holding the law of the Second Circuit does not permit a downward departure based on deportable alien status). Similarly, the court in *United States v. Plummer,* 1995 WL 548870 (E.D.Pa.1995) denied petitioner's § 2255 petition based on the Second, Fifth, and Tenth circuit's reasoning that the collateral consequences of one's status as a deportable alien is not grounds for a downward departure. *Id.* at *2. In *Gil v. United States,* 4 F.Supp.2d 760, 1998 WL 154667 (N.D.Ill.1998), the court denied a § 2255 petition stating counsel was not ineffective for failing to move for a downward departure based on petitioner's status as a deportable alien at sentencing because the Seventh Circuit had not yet addressed the issue as of the date of the sentencing. *Id.* at 769. Moreover, the court found under the Seventh Circuit's decision in *Farouil,* it is discretionary to depart downward on this issue and the court proffered it would not have done so. *Id.* The *Gil* case is remarkably similar to the case before this Court. The case law on this potential ground for departure downward did not exist in 1991, the time of petitioner's sentencing. It would not be outside the range of competency for petitioner's counsel to fail to raise this issue at sentencing because there was no body of supportive law at the time and as the *Gil* court stated, this Court would not have departed downward even if the issue had been raised. Accordingly, the Court finds petitioner's claim of ineffective assistance of counsel meritless on both prongs of the Strickland test and will deny the petition.

IV.

For all the foregoing reasons, the Court will deny petitioner's pending petition and motion for appointment of counsel. A formal Order will be entered in conformity with this Opinion.

*ORDER*

In accordance with the Opinion filed today in the above-captioned case, IT IS, this 16th day of July, 1998, by the United States District Court for the District of Maryland,

ORDERED:

(1) That petitioner's Motion Under 28 U.S.C. § 2255 (Paper 170) and Supplement to Motion Under § 2255 (Paper 183) ARE DENIED;

(2) That petitioner's Motion for Appointment of Counsel (Paper 171) IS DENIED; and

(3) That the Clerk shall mail a copy of this Order and the accompanying Opinion forthwith to counsel of record and to petitioner Fernando Holguin.