**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4434**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CHARLES E. ATWELL,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior District Judge.  (6:07-cr-00393-GRA-1)

Submitted:  May 29, 2009         Decided:  June 29, 2009

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Guy J. Vitetta, Charleston, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, William C. Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Charles E. Atwell was convicted on four counts of attempted tax evasion, in violation of 26 U.S.C. § 7201 (2006), and one count of bankruptcy fraud, in violation of 18 U.S.C. § 152(3) (2006). Atwell appeals, claiming that the district court abused its discretion by denying his motion for a continuance and denied him an opportunity to allocute. Finding no merit to his claims, we affirm.

During the second day of trial near the end of the Government's presentation of its final witness, Atwell moved for a continuance on the ground that he was not feeling well. The district court denied the motion, concluding that Atwell sought the continuance as part of his ongoing efforts to delay the proceedings.

This court reviews a district court's denial of a motion for a continuance for abuse of discretion. United States v. Williams, 445 F.3d 724, 738-39 (4th Cir. 2006). Even if a defendant demonstrates that the district court abused its discretion in denying a motion for a continuance, "the defendant must show that the error specifically prejudiced [his] case in order to prevail." United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005). "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and

2

arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (internal quotation marks and citation omitted). We have reviewed the record with these standards in mind and find no abuse of discretion in the district court's decision to deny Atwell's motion for a continuance.

Atwell also asserts that the court violated his right to allocution when it prevented him from reading a statement at his sentencing hearing. A defendant has a due process right to address the court if he expresses a desire to do so. Ashe v. North Carolina, 586 F.2d 334, 336 (4th Cir. 1978); Fed. R. Crim. P. 32(i)(4)(A)(ii) (right to allocution in federal cases). Allocution is the right to present a statement in mitigation of sentencing. United States v. Carter, 355 F.3d 920, 926 (6th Cir. 2004); Fed. R. Crim. P. 32(i)(4)(A)(ii). However, that right is not unlimited. Ashe, 586 F.2d at 336-37. Allocution "may be limited both as to duration and as to content. [The defendant] need be given no more than a reasonable time; he need not be heard on irrelevancies or repetitions." Id. at 337.

Here, the court provided Atwell with an opportunity to speak and offer information in mitigation of his sentence. Atwell chose instead to use this opportunity to attempt to argue

that he had committed no crimes.  We find that the court did not deprive Atwell of his right to allocute.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED