**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4572**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ASAEL GOMEZ-JIMENEZ, a/k/a Luis Aguilar-Sierra,

        Defendant - Appellant.

---

**No. 14-4696**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY WAYNE WIGGINS,

        Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:12-cr-00274-D-2; 5:12-cr-00274-D-1)

---

Submitted:  August 20, 2015      Decided:  September 29, 2015

---

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina; Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellants.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Asael Gomez-Jimenez appeals his 324-month sentence pursuant to a guilty plea to possession with intent to distribute cocaine (Count 8) and eluding examination and inspection by immigration officers (Count 10), and a jury verdict for conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine (Count 1) and distribution of cocaine (Count 5). His co-conspirator, Anthony Wiggins, appeals his jury convictions and resulting life sentence for conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine (Count 1), possession with intent to distribute 28 grams or more of cocaine base (Count 6), and possession of a firearm by a convicted felon (Count 7). On appeal, they both challenge their respective sentences as procedurally and substantively unreasonable. Wiggins additionally argues that the district court erred in denying his motion to suppress. Their appeals have been consolidated. We affirm.

We first address Wiggins' appeal of the district court's denial of his motion to suppress. We review factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Hill, 776 F.3d 243, 247 (4th Cir. 2015). We construe the evidence in the light most favorable to the Government, the party prevailing below. United States v. Farrior, 535 F.3d 210,

3

217 (4th Cir. 2008).  The Government bears the burden of proof in justifying a warrantless search or seizure.  United States v. Watson, 703 F.3d 684, 689 (4th Cir. 2013).

The Fourth Amendment does not prohibit all searches and seizures, merely those found to be unreasonable.  Florida v. Jimeno, 500 U.S. 248, 250 (1991).  A warrantless search "is per se unreasonable subject only to a few specifically established and well-delineated exceptions," one of which is "a search that is conducted pursuant to consent."  Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (internal quotation marks, alterations and citations omitted).  Such consent may be given by the owner of the property, or by a third-party possessing "common authority over or other sufficient relationship to the premises or effects" to be searched.  United States v. Matlock, 415 U.S. 164, 171 (1974).  Common authority is based upon the parties' mutual use of and access to the property, such that it is reasonable to recognize that each party "has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched."  Id. at 171 n.7.  Moreover, even if the consenting party does not have common authority over the property sought to be searched, a search will still be upheld where an officer reasonably believes in the existence of such authority.  See Illinois v. Rodriguez, 497 U.S. 177, 186 (1990).

4

Having reviewed the record with the parties' arguments in mind, we conclude that the court did not err in concluding that the officers reasonably believed that Wiggins' girlfriend had authority to consent to a search of the residence, even if she lacked actual authority. Accordingly, we affirm the denial of Wiggins' motion to suppress.

We review the reasonableness of Wiggins' and Gomez-Jimenez's sentences for abuse of discretion. United States v. Howard, 773 F.3d 519, 527-28 (4th Cir. 2014). We first review for procedural error, such as improper calculation of the Guidelines range, failure to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, selecting a sentence based on clearly erroneous facts, or failure to adequately explain the sentence. Howard, 773 F.3d at 528. Absent any procedural error, we examine substantive reasonableness of the sentence under the totality of the circumstances. Id. Sentences within or below a properly calculated Guidelines range are presumed reasonable, and this presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

Because of Wiggins' prior felony drug offenses, his statutory mandatory minimum sentence on Count 1 was life imprisonment. Citing Wiggins' "long criminal history" and "lack

5

of respect for the law," the district sentenced Wiggins to life imprisonment on Counts 1 and 6, and 120 months on Count 7.

Relying on Alleyne v. United States, 133 S. Ct. 2151 (2013), Wiggins argues that the district court violated his Fifth and Sixth Amendment rights by enhancing his sentence on the basis of prior convictions that were neither alleged in the indictment nor proven beyond a reasonable doubt. Contrary to Wiggins' assertions, there was no error, plain or otherwise, in the district court's imposition of the enhanced penalty. See United States v. Higgs, 353 F.3d 281, 324 (4th Cir. 2003) (reviewing for plain error a constitutional claim raised for the first time on appeal).

In Alleyne, the Supreme Court held that the Sixth Amendment requires a jury to find beyond a reasonable doubt any facts that increase a defendant's mandatory minimum sentence. Alleyne, 133 S. Ct. at 2163-64. The Alleyne Court recognized, and expressly declined to reconsider, however, a narrow exception that allows a judge to find that a defendant's prior conviction occurred. Id. at 2160 n.1 (citing Almendarez-Torres v. United States, 523 U.S. 224 (1998)). "Almendarez-Torres remains good law, and [this court] may not disregard it unless and until the Supreme Court holds to the contrary." United States v. McDowell, 745 F.3d 115, 124 (4th Cir. 2014), cert. denied, 135 S. Ct. 942 (2015). Accordingly, this argument is unavailing.

Wiggins also asserts that the district court miscalculated his Guidelines range on Count 6. According to Wiggins, his Guidelines range was 235 to 293 months. Because Wiggins failed to object below, this claim too is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993) (stating standard for plain error review). Contrary to Wiggins' assertions, the probation officer correctly grouped the three counts for Sentencing Guidelines purposes. The resulting Guidelines range was life imprisonment because, even though Wiggins' offense level and criminal history category generated a range of 235 to 293 months, the statutory mandatory minimum sentence on Count 1, life imprisonment, was greater than the maximum of the applicable Guidelines range. See U.S. Sentencing Guidelines Manual § 5G1.2(b) (2013).

Wiggins also suggests that the district court cut short his right to allocute at sentencing. A defendant has a due process right to address the court if he expresses a desire to do so. Green v. United States, 365 U.S. 301, 304 (1961); Ashe v. North Carolina, 586 F.2d 334, 336 (4th Cir. 1978); Fed. R. Crim. P. 32(i)(4)(ii) (right to allocution in federal cases). Allocution is the right to present a statement in mitigation of sentencing. United States v. Carter, 355 F.3d 920, 926 (6th Cir. 2004); Fed. R. Crim. P. 32(i)(4)(ii). However, that right is not unlimited. Ashe, 586 F.2d at 336-37. Allocution "may be limited both as to

7

duration and as to content. [The defendant] need be given no more than a reasonable time; he need not be heard on irrelevancies or repetitions." Id. at 337.

Here, Wiggins was given an opportunity to speak prior to the imposition of his sentence. However, when it became apparent that Wiggins wished to argue the issue of guilt or innocence, rather than in mitigation of his sentence, the court intervened. Even so, the court permitted Wiggins to continue again with his allocution. Having reviewed the transcript, we conclude that Wiggins was not denied the right to allocute.

Last, Wiggins challenges the substantive reasonableness of his sentence, primarily arguing that a life sentence was greater than necessary. However, a statutorily mandated sentence, which Wiggins received, is per se reasonable. Farrior, 535 F.3d at 224. In light of the above, we affirm Wiggins' convictions and sentence.

Gomez-Jimenez was sentenced within his advisory Guidelines range to 324 months' imprisonment. Defense counsel moved for a variant sentence of 180 months based on Gomez-Jimenez's lack of criminal history, his newly acquired faith in prison, advanced age upon release, impending deportation, and family responsibilities. The Government sought a sentence at the top of the Guidelines range.

In rendering a sentence, the district court stated that it had considered all of the parties' arguments, the advisory Guidelines range, and the various § 3553(a) factors. Noting Gomez-Jimenez played a "critical role" in the organization and that he was "committed to being a drug dealer," the court stressed that "specific deterrence and general deterrence are critical here in light of the serious nature of the conduct, the entire record, [and that Gomez-Jimenez] deserve[s] a very serious punishment."

Gomez-Jimenez first argues that the district court failed to explain why it rejected his non-frivolous arguments for a lesser sentence, thus rendering his sentence procedurally unreasonable. The district court stated that it had considered the arguments proffered on Gomez-Jimenez's behalf for a lesser sentence. The court noted, however, that Gomez-Jimenez was involved in very serious drug offenses, and that he chose to continue his drug activities even after his brothers pled guilty to drug offenses. Although the court observed that Gomez-Jimenez may have done "a little honest work," it noted that he "certainly spent the bulk of [his] time as a drug dealer." The court further stated that his possible religious conversion in prison was not mitigating. The court also explained that it did not find Gomez-Jimenez's proposed downward variance to 180 months-or a sentence at the bottom of the Guidelines range-to be

9

"remotely appropriate." We conclude that the district court sufficiently explained why it did not find Gomez-Jimenez's arguments in mitigation compelling.

Gomez-Jimenez also contends that his sentence was substantively unreasonable, arguing that his lack of criminal history and his low risk of recidivism warranted a lesser sentence. In a related argument, he maintains that the district court gave too much weight to general deterrence, making his sentence greater than necessary to punish and deter him.

The burden rests with the defendant to rebut the presumption of reasonableness by demonstrating "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). In Gomez-Jimenez's case, the district court thoroughly considered his circumstances and history, and found that deterrence mandated the chosen sentence. The court's explanation for its chosen sentence was thorough and well-reasoned. Simply stated, the court implicitly found that the severity of Gomez-Jimenez's crimes and his critical role in the drug-trafficking organization outweighed his lack of prior convictions. Furthermore, Gomez-Jimenez's assertion that he had a low risk of recidivism was undermined by his continuing involvement in the drug trade even after his family members received lengthy

10

sentences.   Gomez-Jimenez has simply failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

Accordingly, we affirm the criminal judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED