# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41400
c/w No. 16-41403
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GLEN MEJIA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-371-1

Before HIGGINBOTHAM, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

Glen Mejia pleaded guilty, without the benefit of a plea agreement, to illegal reentry in violation of 8 U.S.C. § 1326. He also pleaded true to two violations of his supervised release, which he was serving on account of a prior 2010 illegal reentry conviction. At his combined sentencing hearing for both offenses, the district court revoked Mejia's supervised release and sentenced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him to concurrent sentences of 57 months of imprisonment, which was the bottom of the guidelines range for his illegal reentry conviction, and 12 months of imprisonment, which was the bottom of the guidelines range for his supervised release violations.  Mejia appeals his sentences arguing that the district court violated his right of allocution.  Mejia's appeals have been consolidated.

Because Mejia did not object to the district court's purported failure to allow full allocution at his combined sentencing and revocation hearing, this court reviews his claim for plain error.  *See United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc).  Under the plain error standard of review, Mejia must show a forfeited error that is "clear or obvious, rather than subject to reasonable dispute," and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Federal Rule of Criminal Procedure 32(i)(4)(A) provides: "Before imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate sentence."  FED. R. CRIM. P. 32(i)(4)(A)(ii); *see also* FED. R. CRIM. P. 32.1(b)(2)(E) (providing for right of allocution during revocation hearing).

At his revocation hearing, Mejia was given an opportunity to allocute. He apologized, asked the district court for forgiveness, expressed remorse, and recognized the mistakes he had made.  At the end of his allocution, the transcribed record indicates that Mejia said: "It's just that."  Thereafter, the district court commented on Mejia's prior offenses, indicated that it would not impose an upward variance—although it believed one could be justified—and ultimately sentenced Mejia to the bottom of the applicable guidelines ranges.

No. 16-41400
c/w No. 16-41403

On appeal, Mejia does not argue that the district court fully denied his right of allocution, but rather argues that the district court cut him off or interrupted him and never allowed him to finish his allocution. The Government argues that the final statement of Mejia's allocution—"It's just that."—could have meant that Mejia had nothing more to say, which is supported by the fact that Mejia's counsel sat by silently and did not object to the district court's purported interruption.

While Mejia's argument that he was interrupted and desired to express more mitigating information is plausible, the Government's argument that Mejia was finished with his allocution and was not interrupted is just as plausible. Hypothetically, had Mejia begun to speak again or had his counsel indicated that Mejia had more to say, and the district court dismissed such efforts, the record could support a finding that Mejia was interrupted, and his allocution right was violated. As it stands, the record does not make clear that Mejia was interrupted or that he had more mitigating information to express. Thus, we agree with the Government's assessment that Mejia has failed to establish an error that is "clear or obvious, rather than subject to reasonable dispute." *See Puckett*, 556 U.S. at 135.

Moreover, assuming *arguendo* that Mejia could establish an error that is clear or obvious and that affected his substantial rights, we would decline to exercise our discretion to correct the error. While we will ordinarily remand for resentencing if a district court commits plain error that affects a defendant's substantial rights by denying the right of allocution, *Reyna*, 358 F.3d at 353, we have "decline[d] to adopt a blanket rule that once prejudice is found under the rule stated above, the error invariably requires correction." *Id*. at 352. Instead, we "conduct a thorough review of the record" to determine if we should exercise our discretion to correct the error. *Id*. at 353.

No. 16-41400
c/w No. 16-41403

In this case, Mejia has failed to demonstrate such an objective basis. While Mejia argues on appeal that, had the district court not purportedly interrupted him, he would have explained to the district court the circumstances surrounding his prior offenses and presented mitigating information, he does not specify what those circumstances and mitigating information were. *See United States v. Chavez-Perez*, 844 F.3d 540, 545 (5th Cir. 2016), *cert. denied*, 2017 WL 785826 (June 5, 2017) (No. 16-8118). Given the record as a whole, Mejia fails to demonstrate that the district court would have been convinced to impose a more lenient sentence. *See Chavez-Perez,* 844 F.3d at 545; *Reyna*, 358 F.3d at 356 (Jones, J., concurring). Accordingly, even assuming *arguendo* that Mejia could satisfy the first three prongs of the plain-error analysis, we find no miscarriage of justice, and we decline to exercise our discretion to correct any purported error. *See Magwood*, 445 F.3d at 830. The district court's sentences are AFFIRMED.