**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4310**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EUGENE TELPHIA GRADY, JR., a/k/a Taeo,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever, District Judge.  (7:17−cr−00105−D−4)

_____

Submitted:  May 18, 2023                                        Decided:  August 10, 2023

_____

Before DIAZ, Chief Judge, RICHARDSON, Circuit Judge, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Benjamin J. Higgins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Grady, Jr. claims the district court cut off his allocution at his revocation hearing, violating Federal Rule of Criminal Procedure 32.1(b)(2)(E). Because Grady didn't object at the hearing, we review for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). And while Grady's allocution was abbreviated, whether the district court erred is "subject to reasonable dispute," so the error isn't plain. *Id*. We therefore affirm Grady's revocation sentence.

## I.

Grady, a participant in a Wilmington-based drug-trafficking scheme, pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine. The district court sentenced him to sixty months in prison followed by seventy-two months of supervised release. Grady began supervised release in January 2022 subject to several mandatory conditions, including refraining from committing another crime or unlawfully using a controlled substance.

About three months later, Grady's probation officer petitioned the court to revoke his supervised release. The petition stated that when Grady was asked to give a urine sample for drug testing, he used a "Whizzinator"—a prosthetic device containing a synthetic urine pack—to provide a fake sample. J.A. 44. Grady "initially denied any wrongdoing," but ultimately admitted to using the Whizzinator and to using marijuana. *Id.* A second urine sample tested positive for marijuana.

2

The probation officer amended the petition a few weeks later to add another violation: Grady had been charged with sexual battery and injury to personal property.

At the revocation hearing, Grady admitted to using the Whizzinator but denied the sexual-battery and injury-to-property incident. The government offered the testimony of Heather Fierce, a social worker. Fierce was delivering goods to a client's house when she met Grady. Grady followed her into the client's house and back to her car. When Fierce got in her car, Grady reached in and forced the driver's-side window down, fondled her breasts, and began "licking and kissing on the right side of [her] face" until she managed to drive away. J.A. 56.

Grady offered a different story. He testified that he wanted Fierce's help getting a stimulus check and asked for a hug as she was leaving. But he denied forcing down her car window and touching and kissing her. The court believed Fierce, chastising Grady for "perjuring himself" about his "incredibly offensive criminal behavior." J.A. 69–70.

With both violations established, Grady's revocation-sentence Guidelines range was eight to fourteen months in prison. Grady's counsel requested a sentence within the range, noting that Grady had been attending classes, going to an addiction-treatment center, and trying to get a driver's license. The court then invited Grady to speak. The ensuing exchange is the subject of this appeal:

> THE COURT:        Mr. Grady, anything else?
>
> THE DEFENDANT:   Sir, when I got on the stand, you said I didn't tell the truth.

| THE COURT: | That's correct.  You did not.  If you keep lying, it's not going to get better.  So just watch what you say. |
| THE DEFENDANT: | Well, I'm sorry about if I made you mad, sir, but -- |
| THE COURT: | It's offensive for a person to commit perjury. It's offensive. |
| THE DEFENDANT: | I don't do stuff like that, so I'm not guilty of it. |
| THE COURT: | Well, you're lying. Mr. Pugh. |

J.A. 72.  The court then heard from Pugh (the prosecutor), who asked for a sentence at the high end of the guidelines range, and the probation officer.  Grady's counsel declined to speak again, and the court didn't ask Grady whether he had anything else to say.

The court sentenced Grady to thirty months in prison, varying upward by sixteen months for Grady's "egregious breaches of trust"—his Whizzinator deception, his assault of Fierce, and his perjured testimony.  J.A. 75–76.

This appeal followed.

## II.

The only issue on appeal is whether the district court plainly erred by denying Grady the right to allocute at the revocation hearing.  A defendant at a revocation hearing is entitled to "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(E); *see also id.* advisory committee's note to 2005 amendment (extending Rule 32's allocution right to revocation hearings).

4

But the defendant's "right to address the sentencing court" isn't unlimited: His allocution "may be limited both as to duration and as to content." *Ashe v. North Carolina*, 586 F.2d 334, 336–37 (4th Cir. 1978). "He need be given no more than a reasonable time; he need not be heard on irrelevancies or repetitions." *Id*. at 337.

Because Grady didn't object to the shortened allocution in the district court, we review his claim for plain error, a "difficult" standard to satisfy. *Puckett*, 556 U.S. at 135. The defendant must show that an error (1) occurred, (2) was plain, (3) affected his substantial rights, and (4) "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007) (cleaned up). An error is plain if it's "clear or obvious" under "the explicit language of a statute or rule," "controlling decisions from our circuit or the Supreme Court, or a consensus among other circuits." *United States v. Nelson*, 37 F.4th 962, 968–69 (4th Cir. 2022) (cleaned up). But an error isn't plain if it's "subject to reasonable dispute." *Puckett*, 556 U.S. at 135.

In Grady's view, the district court "got upset" with him when he mentioned the perjury finding and "stopped him from speaking before [Grady] could get to his actual allocution—his attempt to speak about his sentence." Appellant's Br. at 11–12. The government responds that the record doesn't indicate the court cut Grady off: The court might have paused after saying, "Well, you're lying," and Grady might have remained silent.

We find both readings of the transcript are plausible, so the error (if any) isn't plain. Maybe, as Grady argues, the court was "furious" with his behavior and prematurely cut off

his allocution when he mentioned the perjury finding. Reply Br. at 1. But it's also possible that Grady was done with his allocution after he (again) denied responsibility for the underlying violations. The transcript doesn't indicate that the court interrupted Grady after he said, "I don't do stuff like that, so I'm not guilty of it." J.A. 72; *see also id.* (using "--" to indicate interruption). So the record doesn't "make clear that [Grady] was interrupted or that he had more mitigating information to express." *United States v. Mejia*, 703 F. App'x 339, 341 (5th Cir. 2017).

Even if Grady were interrupted, however, the court didn't plainly err in cutting him off. Our published precedent doesn't clearly establish how much time and leeway a court must give a defendant to fulfill Rule 32.1's mandate. This isn't a typical denied-allocution case in which the court never allowed the defendant to speak. *See, e.g.*, *United States v. Cole*, 27 F.3d 996, 998 (4th Cir. 1994), *Muhammad*, 478 F.3d at 248. But nor is it exactly like *United States v. Atwell*, 334 F. App'x 574 (4th Cir. 2009) (unpublished), which the government cites. There, we found no error where a district court prevented a tax-evasion defendant from arguing the government had no authority to make him pay income tax. *Id.* at 575–76; Tr. of Sentencing at 42, *United States v. Atwell*, No. 6:07-cr-393 (D.S.C. Jan. 5, 2009), ECF No. 187 ("*Atwell* Tr."). But the district court also engaged the defendant at length, explaining why that legal argument was irrelevant to his sentence and repeatedly asking whether he had anything else to say. *See Atwell* Tr. at 42–51. In *United States v. Gomez-Jimenez*, 625 F. App'x 602 (4th Cir. 2015), similarly, the court only intervened "when it became apparent that [the defendant] wished to argue the issue of guilt or

6

innocence, rather than in mitigation of his sentence." *Id*. at 605. And even then, the court permitted the defendant to "continue again with his allocution." *Id*.

Grady's case falls somewhere in the middle: The court invited him to speak, but quickly cut off his allocution when he seemed inclined to relitigate his violations. On one hand, that arguably doesn't amount to "a reasonable time" for allocution. *Ashe*, 586 F.2d at 337. But on the other, a defendant "need not be heard on irrelevancies or repetitions" having nothing to do with mitigation. *Id*. Because whether Grady was allowed enough time to speak is also "subject to reasonable dispute," *Puckett*, 556 U.S. at 135, we decline to find that the court plainly erred in limiting Grady's allocution.

Grady also contends that the district court needed to tell him he was using his allocution improperly and give him a chance to get back on course. Reply Br. at 6–7. But neither the text of Rule 32.1 nor our case law mandates that the court attempt to redirect an off-topic defendant toward more relevant statements.

We therefore affirm Grady's revocation sentence. And we dispense with oral argument because the facts and contentions are adequately presented in the materials before this court and oral argument would not aid us in our decision.

*AFFIRMED*