983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny MYERS, Defendant-Appellant.
 No. 91-5562.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 21, 1992
Decided: December 30, 1992
Order on Denial of Rehearing March 11, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence.
 J. Rene' Josey, ROGERS, MCBRATNEY & JOSEY, for Appellant.
 E. Bart Daniel, United States Attorney, Mary Gordon Baker, Assistant United States Attorney, for Appellee.
 D.S.C.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before HALL and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Danny Myers appeals from a district court judgment entered pursuant to a jury verdict finding him guilty of conspiring to possess with intent to distribute and possessing with intent to distribute cocaine and "crack" cocaine, in violation of 21 U.S.C.ss 841(a)(1) and 846. We affirm Myers's conviction but vacate his sentence and remand for resentencing.
 
 
 2
 Initially, we reject Myers's contention that the district court erred by admitting into the record evidence of his prior bad acts. Fed. R. Evid. 404(b) prohibits the admission of evidence of prior bad acts to show that the actor acted in conformity therewith; however, such evidence is admissible to show "proof of motive, opportunity, intent, or absence of mistake or accident." United States v. Rawle, 845 F.2d 1244 (4th Cir. 1988). In this case, Myers objects to the testimony from a government special agent that he purchased cocaine from Myers at his residence twice in April 1985, approximately eight months prior to the date of the conspiracy alleged in the indictment. We find that the district court did not act "arbitrarily or irrationally," see Rawle at 1247, in finding this testimony admissible at least to the issue of intent, since other testimony established Myers's presence at the scene of various drug transactions alleged in the superseding indictment, and the agent's testimony related to Myers's purpose for being at these locations. Moreover, the agent's testimony was also relevant to Myers's knowledge and the possibility that Myers was an innocent bystander.
 
 
 3
 The evidence was highly probative in view of the strong similarity of the prior acts to the acts charged in the indictment and the closeness in time of each set of actions. See United States v. Percy, 765 F.2d 1199 (4th Cir. 1985). Furthermore, the evidence was not overly prejudicial, particularly in light of the district court's limiting instruction informing the jury that the prior acts could not be viewed as evidence that Myers committed the actions charged in the indictment. In any event, even if we were to hold the admission of the testimony to be error, it would be harmless in view of the testimony from five additional witnesses against Myers.
 
 
 4
 Myers has filed a motion requesting the court to accept his brief which supplements the brief filed by his counsel. Myers argues in his supplemental brief that the evidence was insufficient to support his conviction because the witnesses that testified against him were incredible. While we grant Myers's motion to file a supplemental brief, we reject his sufficiency of the evidence contentions made therein since an assessment of witness credibility lies within the sole province of the jury and is not subject to appellate review. See United States v. Saunders, 886 F.2d 56 (4th Cir. 1989). Moreover, we note that Myers's ineffective assistance of counsel claims are improperly raised on direct appeal. See United States v. DeFusco, 949 F.2d 114 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992). Additionally, contrary to Myers's assertions, we find the superseding indictment to be as clear as is practical regarding the dates he allegedly committed the offenses for which he was charged, see United States v. Cobb, 905 F.2d 784 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3482 (U.S. 1991), and further find no prejudicial variance between the proof offered at trial and the charges in the indictment which was issued months before Myers's trial. See United States v. Odom, 736 F.2d 104 (4th Cir. 1984).
 
 
 5
 We note, however, that the transcript of the sentencing hearing reflects that Myers was not directly apprised by the court of his right to speak in mitigation prior to sentencing. The district court must personally invite the defendant to speak prior to sentencing under Fed. R. Crim. P. 32(a). See United States v. Miller, 849 F.2d 896 (4th Cir. 1988). Accordingly, we vacate the sentence imposed by the district court and remand for resentencing. Before resentencing Myers, the district court should offer him the opportunity to exercise his right to allocution.
 
 
 6
 Accordingly, the judgment of the district court is affirmed in part, vacated in part, and the case is remanded for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 ORDER
 Filed: March 11, 1993
 
 8
 The government has filed an untimely petition for rehearing accompanied by a motion for leave to file petition out of time. Appellant's court-appointed counsel has filed an answer to the petition for rehearing and appellant has filed a pro se objection to the government's motion for leave to file petition out of time.
 
 
 9
 The Court grants the government's motion for leave to file its petition out of time and denies the petition for rehearing.
 
 
 10
 Entered at the direction of Judge Hall with the concurrence of Senior Judge Sprouse, Judge Wilkins voted to grant rehearing for the reasons stated in his dissent which is attached to this order.
 
 WILKINS, Circuit Judge, dissenting:
 
 11
 I would grant the petition for rehearing filed by the Government.
 
 
 12
 Myers was convicted by a jury of conspiring to possess with the intent to distribute and possessing with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. §§ 841(a), 846 (West 1981 & Supp. 1992). Indeed, prior to sentencing, defense counsel correctly acknowledged on the record that the 20-year mandatory minimum sentence applied and that this was the minimum sentence that Myers could receive. The district court sentenced Myers to 20 years imprisonment.
 
 
 13
 Myers, represented by counsel in his appeal, raised no sentencing issues in his formal brief. Consequently, the joint appendix did not contain the presentence report or a transcript of the sentencing hearing. Myers thereafter filed a pro se supplemental brief, arguing for the first time that his sentence should be vacated because the district court failed to address him personally at sentencing to permit him to speak on his own behalf and present evidence in mitigation of sentencing as required by Federal Rule of Criminal Procedure 32(a)(1)(C).[1] The Government did not respond to this argument.
 
 
 14
 Based on these submissions and without benefit of oral argument, the panel vacated Myers' sentence and remanded for resentencing because the district court failed to address Myers personally prior to sentencing to offer him the opportunity to speak on his own behalf. United States v. Myers, No. 91-5562, slip op. at 3 (4th Cir. Dec. 30, 1992) (per curiam) (unpublished). The panel, however, was unaware that due to the application of the mandatory minimum provision of § 841(b)(1), the district court had imposed the lowest sentence for which Myers was eligible and that, consequently, any error occasioned by the failure of the district court to fully comply with Rule 32(a) was harmless beyond a reasonable doubt. In its petition for rehearing the Government brought to our attention for the first time the application of the mandatory minimum provision.
 
 
 15
 The court has previously concluded that the failure to permit a defendant to speak during sentencing is subject to a harmless error analysis. See Ashe v. North Carolina, 586 F.2d 334, 337 (4th Cir. 1978) (remanding for determination of whether the Ashes had made a request to allocuate that was denied, and if so whether "the denial of their right to speak may be found to be harmless error"), cert. denied, 441 U.S. 966 (1979); see also Boardman v. Estelle, 957 F.2d 1523, 1530 (9th Cir.), cert. denied, 113 S.Ct. 297 (1992).[2] Myers does not, because he cannot, allege that he was prejudiced by the failure of the district court to address him personally and offer him an opportunity to speak at sentencing. Because Myers has received the lowest sentence allowed by statute, clearly this ommission is harmless error. See Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.") Moreover, to require the government to transport Myers back to the district court to permit him to allocute, after which the district court must impose the same 20-year sentence, is to require a wholly futile act. Therefore, I would grant the petition for rehearing and affirm Myers' conviction and sentence.
 
 
 
 [1]
 Although the district court failed to address Myers personally to ask if he wished to speak on his own behalf, prior to imposing sentence the court asked defense counsel whether there was anything else from the defendant. Counsel responded in the negative. It is understandable why the district court did not then address Myers personally to inquire if he had anything to say for whatever Myers might have offered could not have affected the application of the 20-year mandatory minimum sentence
 
 
 [2]
 In United States v. Miller, 849 F.2d 896 (4th Cir. 1988), this court vacated a defendant's sentence and remanded for resentencing based on the failure of the district court to comply with several requirements of Rule 32. Although stating that Rule 32 mandates a "bright-line" approach that the district court should follow "without exception," the court was not called upon to decide the applicability of harmless error analysis becuase the defendant was prejudice by the procedure followed by the district court. Id. 897-98 & n.1