**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-6700

MARTHA CHARICE COOK,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-6873

MARTHA CHARICE COOK,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-89-391-JFM, CA-97-837-HNM)

Submitted: November 9, 1999

Decided: December 29, 1999

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Martha Charice Cook, Appellant Pro Se. Lynne Ann Battaglia, United
States Attorney, Baltimore, Maryland; John Vincent Geise, OFFICE

OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Martha Charice Cook seeks to appeal the district court's orders
denying her motions filed under 28 U.S.C.A. § 2255 (West Supp.
1999) and 18 U.S.C.A. § 3582 (West 1985 & Supp. 1999). Martha
Charice Cook was one of several co-defendants convicted in 1990 of
conspiracy to possess with intent to distribute cocaine and heroin. At
sentencing, Cook was held liable for at least fifty kilograms of
cocaine and was sentenced to serve 188 months imprisonment. Her
conviction and sentence were affirmed. See United States v.
Arrington, No. 90-5384 (4th Cir. Nov. 23, 1992) (unpublished).

In her § 2255 motion, Cook claimed counsel was ineffective prior
to trial, during sentencing, and on appeal. She also alleged that she
was denied allocution and that the district court failed to make a par-
ticularized finding as to drug quantity. The district court dismissed the
motion without a hearing.

Cook also filed a 18 U.S.C.A. § 3582 (West 1985 & Supp. 1999)
motion for resentencing, arguing that Amendment 439 to the U.S.
Sentencing Guidelines Manual (1998) should apply retroactively to
her. She contends that, under the amendment, she would not have
been held accountable for fifty kilograms of cocaine. The district
court determined that Cook could not avail herself of Amendment
439, as clarifying amendments can only be retroactively applied at
sentencing or on direct appeal.

Cook appealed both the district court's order denying her § 2255
motion and the order denying her § 3582 motion. The district court

2

granted a certificate of appealability on Cook's appeal of the denial of her § 2255 motion. These appeals have been consolidated.

I.

The district court found that Cook's allegations of pretrial ineffective assistance of counsel were "self-serving" and did not overcome the presumption that counsel's conduct was reasonable. Cook claims on appeal that the district court overstated the presumption of reasonable conduct by counsel found in Strickland v. Washington, 466 U.S. 668, 689 (1984), and made improper factual findings.

However, even if the district court erred in making factual findings without a hearing, Cook's claim is fatally flawed by her failure to allege any prejudice whatsoever from her counsel's alleged errors. See id. at 693-94 (petitioner must show that, but for counsel's errors, the outcome would have been different). Nowhere (not even in her informal brief) does Cook allege that she would have taken a plea, if offered, and foregone a trial. In fact, Cook asserts that, if she had been granted allocution, she would have argued that the evidence did not support a determination that she was more than a minor figure in the conspiracy, that more drugs were being attributed to her than was warranted, and that she was being blamed for several matters in which she was not involved. Therefore, as late as her sentencing, Cook was still attempting to minimize her responsibility for the crimes of which she was convicted. Because Cook does not allege prejudice and because none can be inferred, the district court did not err in dismissing this claim.

II.

Cook next asserts that the sentencing court improperly held her responsible for fifty kilograms of cocaine without individualized factual findings. According to Cook, the presentence report contained neither factual support nor calculations regarding the fifty kilograms, and the sentencing court did not address the issue even though it was alluded to by counsel. The district court denied this claim, finding it had already been litigated and decided on direct appeal.

3

Cook shared a joint appeal with her co-defendants. The joint appellate brief argued that four defendants should not have had fifty kilograms of cocaine attributed to them. Each of the remaining appellants, including Cook, attempted to raise the same argument by incorporating and adopting the earlier arguments of their co-defendants, but without making an individualized argument regarding the sentencing court's failure to make factual findings or what weight should have been attributed to them.

We held that "[t]he remaining Appellants[including Cook] did not properly preserve this issue for our consideration. Even if they had, the record demonstrates that the district court properly articulated its basis for calculation of their base offense levels, thus setting forth factual findings that are not clearly erroneous." Arrington, slip op. at n.2. Cook argues that this court's statement that proper factual findings were made was incorrect, did not include consideration of Amendment 439 of the sentencing guidelines (which became effective prior to the Arrington decision), and was non-binding dicta.

Collateral attack cannot ordinarily be made on the basis of issues litigated on direct appeal. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). An exception exists, however, where there has been an intervening change in law to warrant reconsideration. See Davis v. United States, 417 U.S. 333, 342 (1974). Because this court held on direct appeal that the sentencing court's determination of relevant conduct was not clearly erroneous, Cook cannot relitigate this issue. Further, Amendment 439 is of no comfort to Cook as it was in effect at the time of her direct appeal and is, thus, not an "intervening change in law."

Moreover, this court's statement was not dicta. Rulings on alternative bases are precedent rather than dicta. See United States v. Title Ins. & Trust Co., 265 U.S. 472, 486 (1924). Thus, the district court properly found this claim barred from collateral review, because it had already been litigated and decided on direct appeal.

III.

Cook next asserts that she was not given an opportunity to be heard at sentencing. However, while a failure to allow allocution may be

4

reversible error on direct appeal, it is not a constitutional error which can be raised by collateral attack. See Hill v. United States, 368 U.S. 424, 426 (1962).

We have held that "aggravating circumstances" such as where the trial court "was uninformed of relevant facts, because of [its] failure to afford the defendant the opportunity to speak" could take a violation of the right to allocution outside the Hill rule by assuming constitutional proportions. See Ashe v. North Carolina , 586 F.2d 334, 336 (4th Cir. 1978); but see Green v. French, 143 F.3d 865, 882 (4th Cir. 1998) (Ashe's rule is not clearly established federal law as determined by the Supreme Court), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3436 (U.S. Jan. 11, 1999) (No. 98-7096). While Cook argues that aggravating circumstances are present in her case, her arguments are conclusory at best. She states that she was unprepared for sentencing, possessed a limited education, and wished to inform the court that she had a minor role in the conspiracy and was responsible for fewer drugs than had been attributed to her. However, these "arguments" are not "relevant facts" of which the district court was uninformed. Cook has not even attempted to present her estimate of the proper drug quantity or any other facts supporting her claims. Further, the fact that she was unprepared for sentencing does not show how preparation would have better informed the district court. Because Cook has not shown any "aggravating circumstances" removing this case from the general rule, the claim was properly dismissed.

IV.

Cook asserts that the district court improperly denied her § 3582 motion for resentencing under Amendment 439. The sentencing guidelines state that certain amendments may be applied retroactively to reduce a defendant's prison term:

> Where a defendant is serving a term of imprisonment and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction of the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction of the

5

defendant's term of imprisonment under 18 U.S.C.
§ 3582(c)(2) is not consistent with this policy statement and
thus is not authorized.

USSG § 1B1.10, p.s. Amendment 439, however, which became effective on November 1, 1992, is not one of the substantive amendments
listed in USSG § 1B1.10(c), p.s. Thus, under the plain language of the
guideline, the district court properly determined that § 3582 was not
available to obtain relief under Amendment 439.

Courts may give retroactive effect to clarifying, as opposed to substantive, amendments regardless of whether they are listed in USSG
§ 1B1.10. See United States v. Capers, 61 F.3d 1100, 1109 (4th Cir.
1995). Other courts have described Amendment 439 as a clarifying
amendment. See United States v. Campbell, 168 F.3d 263, 269 (6th
Cir.), cert. denied, ___ U.S. ___, 1999 WL 462187 (U.S. Oct. 4,
1999) (No. 99-5037); United States v. Drath, 89 F.3d 216, 217 (5th
Cir. 1996); United States v. Lambert, 995 F.2d 1006, 1009 n.3 (10th
Cir. 1993). Nonetheless, in this Circuit, clarifying amendments apply
retroactively only when the amendment takes effect before sentencing
(if an earlier guideline manual is used) or while the defendant's
appeal is pending. See United States v. Capers , 61 F.3d at 1109; see
also Drath, 89 F.3d at 217 (expressing willingness to apply a clarifying amendment not in effect at time of sentencing on direct appeal;
refusing to apply clarifying amendment "[w]hen a defendant collaterally attacks his sentence by a § 3582(c)(2) motion based on a postsentencing Guidelines amendment.").

However, even were § 3582 relief available on the basis of a clarifying amendment, Cook would not be entitled to relief. "Amendment
439 revised . . . [USSG] § 1B1.3 in 1992 to provide that a defendant
will be held accountable for the conduct of others only when the conduct was reasonably foreseeable." Campbell , 168 F.3d at 269. However, Amendment 439 did not introduce the concept of reasonable
foreseeability to relevant conduct under § 1B1.3. Initially, reasonable
foreseeability was mentioned in the commentary to the guideline.
Amendment 439 merely moved reasonable foreseeability to the
guideline itself. Compare USSG § 1B1.3 comment. (n.1) (1990) with
USSG § 1B1.3(a)(1)(B) (1993). Therefore, because Cook was cor-

6

rectly sentenced for reasonably foreseeable conduct, the district court properly denied her motion for resentencing.

V.

Cook's remaining claims are that her attorney was ineffective for failing to challenge the drug quantity or the denial of allocution either at trial or on appeal. We have reviewed the record and the district court's opinion with regard to these issues and find no reversible error. Thus, we affirm on the reasoning of the district court. See United States v. Cook, Nos. CR-89-391-JFM; CA-97-837-HNM (D. Md. Apr. 20 & June 14, 1999).

Based on the foregoing reasoning, we affirm the district court's denial of § 2255 and § 3582 relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED