**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-4340**

───────────

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　v.

JERRY STULL,

　　　　　　　　Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry E. Hudson, Senior District Judge.  (4:23-cr-00089-HEH-1)

───────────

Submitted:  June 13, 2025　　　　　　　　　　Decided:  August 8, 2025

───────────

Before KING, WYNN, and HARRIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Dennis E. Jones, DENNIS E. JONES, ATTORNEY AT LAW P.L.C., Abingdon, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, Alyson C. Yates, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Stull pled guilty, without the benefit of a plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  The district court sentenced him to a term of 63 months' imprisonment and two years' supervised release.  On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether Stull's sentence was procedurally unreasonable because the district court failed to consider Stull's arguments for a downward variance.  Stull filed a pro se supplemental brief raising additional issues.[*]  We directed the parties to submit merits briefs addressing (1) whether the district court plainly erred in failing to inform Stull of the maximum possible penalty during his plea colloquy, as required by Fed. R. Crim. P. 11; and (2) whether the district court provided Stull a sufficient opportunity to allocute and provide any information to mitigate his sentence during his sentencing, as required by Fed. R. Crim. P. 32(i)(4)(A)(ii).  For the following reasons, we affirm.

Because Stull did not move to withdraw his plea in the district court, we review for plain error.  *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014).  "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).  In the guilty plea

---

[*] We have considered the arguments raised in Stull's pro se supplemental brief and conclude they lack merit.

2

context, a defendant establishes that an error affected his substantial rights by showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

When accepting a guilty plea, the district court must "personally inform the defendant of, and ensure that he understands, the nature of the charges against him and the consequences of his guilty plea." *United States v. Damon*, 191 F.3d 561, 564 (4th Cir. 1999). The court must inform the defendant of, and ensure that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charges to which he is pleading, and the possible consequences of pleading guilty, including the maximum possible sentence. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted).

Here, the district court did not inform Stull of the potential penalties, including the maximum sentence he faced. Stull has therefore demonstrated a plain error. Even so, a defendant must show "a reasonable probability that, but for the error, he would not have entered the plea." *Davila*, 569 U.S. at 608. We have held that failing to inform a defendant of the possible sentence is not presumptively prejudicial. *United States v. Massenburg*, 564 F.3d 337, 344-45 (4th Cir. 2009). Indeed, "[d]efendants plead guilty for various reasons, many of which are wholly unrelated to the length of a potential sentence." *Id.*

3

at 144. For instance, "[a] defendant may want to plead guilty based on the strength of the evidence against him, to avoid the emotional impact of a trial, or simply out of a willingness to atone for a crime committed." *Id*. Therefore, Stull must show why this Rule 11 error specifically impacted his decision to plead guilty. Stull has made no such showing. Accordingly, we find that the district court's failure to inform Stull of the penalties, including the maximum penalty, did not substantially impact his rights.

Stull next argues that he was not provided a sufficient opportunity to present allocution during his sentencing hearing. A defendant has an absolute right of allocution during which he must be given the opportunity to speak or present mitigating information. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii) ("Before imposing sentence, the [district] court must . . . address the defendant personally in order to permit [him] to speak or present any information to mitigate the sentence."); *see also Green v. United States*, 365 U.S. 301, 304 (1961). A defendant's right to allocution, however, is not unlimited. *See Ashe v. North Carolina*, 586 F.2d 334, 335 (4th Cir. 1978). The district court may limit the defendant's allocution "both as to duration and content." *Id*. at 336. "[I]n determining what constitutes a permissible limitation, a defendant need be given no more than a reasonable time to allocute; he need not be heard on irrelevancies or repetitions." *Jennings*, 130 F.4th at 160 (internal quotations marks and alternations omitted). Moreover, "[a] court is permitted to question an allocuting defendant so long as the interruption does not terminate the allocution." *Id*., at 161. Here, the court allowed Stull a sufficient opportunity to allocate and responded to Stull's assertions. The court thus acted within its discretion in managing Stull's allocution.

4

Counsel also questions whether the sentence is procedurally reasonable, asserting that the court failed to meaningfully refer to the 18 U.S.C. § 3553(a) sentencing factors, respond to Stull's arguments for a downward variance, or sufficiently explain the sentence. We review a criminal sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must first confirm "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the [Sentencing] Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. at 51.

"A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). An "explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (alterations and internal quotation marks omitted). "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (alterations and internal quotation marks omitted).

5

We have reviewed the record and conclude that the sentence is procedurally reasonable. The district court properly calculated the Guidelines range and provided the parties an opportunity to argue for an appropriate sentence. And while the court's explanation was not lengthy, the court did respond to the parties' arguments and explain the sentence. Moreover, we find that Stull has failed to rebut the resumption of reasonableness applied to his within-Guidelines sentence and the sentence is therefore also substantively reasonable.

We have reviewed the record and find no other meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Stull, in writing, of the right to petition the Supreme Court of the United States for further review. If Stull requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stull.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*